NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANDREW KAPALO, PETITIONER, v. THREE STAR CAP
COMPANY, RESPONDENT.

For the petitioner, *Richard F. Potter.*

For the respondent, *Carl S. Kuebler,* of *McDermott, Enright & Carpenter.*

\*     \*     \*     \*     \*     \*     \*

I listened to the testimony carefully and I do find that on September 10th, 1927, between the hours of three and four P. M. the petitioner, while carrying a roll of cloth, slipped and fell; that he had a pain in his stomach; that he sat down and rested for fifteen or twenty minutes and afterwards was taken home. He testified that the following afternoon, Sunday, September 11th, his father called in a physician, Dr. Guttman, who came about three-thirty o'clock and examined him and prescribed medicine. He was confronted with a signed statement by the defense which he admitted that he signed. He was not sure, however, whether the statement had been read to him before he signed it, and he denied the statement contained therein that Dr. Guttman called at seven P. M. The statement was marked for identification. He testified that the doctor returned Monday morning, found a lump on his right side and advised an operation, and that he went to the hospital and was operated on that day by Dr. Clarke, returning to work six weeks thereafter.

The petitioner was specifically asked by his attorney whether he saw or felt anything wrong with his stomach, and he said that he did not; that it hurt him terribly but that

there was nothing outside that he could see until Monday morning, when he felt a lump come out on his right side.

His foreman was called and testified as to the assistance which he gave Mr. Kapalo. He saw Mr. Kapalo sign the statement, but was not present and did not know whether it was read to him or not.

Dr. Guttman was called and testified that he came sometime Sunday afternoon and that his best recollection was that he got there about three-thirty o'clock; that the petitioner was complaining of abdominal pain and vomiting; that he did not ascertain just what the trouble was at that time, but prescribed medicine; that he examined his abdomen but found no visible evidence; that he returned the following morning, found a small hernia on his right side and recommended immediate operation.

At the close of his testimony, respondent moved to dismiss the petition, because the descent of the hernia did not immediately follow the cause, because there was no prostration, because the attendance of a licensed physician was not required within twenty-four hours after the occurrence of the hernia.

After considering the testimony carefully, I do find that the descent of the hernia did not immediately follow the cause and do therefore find that the petition should be dismissed.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*